**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 96-4355

SAMUEL WAYNE ANDERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-93-11)

Submitted: September 20, 1996

Decided: October 7, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Christine B. Hamilton, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Wayne Anderson appeals as plainly unreasonable the 24-month sentence he received after his supervised release was revoked. We affirm.

Anderson was previously convicted of intent to defraud the United States in violation of 18 U.S.C.A. § 510(a)(1) (West Supp. 1996). In sentencing him, the district court departed upward pursuant to USSG § 4A1.3, p.s.* Anderson received a sentence of 37 months imprisonment and 3 years of supervised release. On March 13, 1995, Anderson was released from custody. Because he intended to reside in Wilmington, North Carolina, officials of the Bureau of Prisons took Anderson to the airport in Savannah, Georgia. He had arranged to fly to Wilmington and his probation officer was to meet him at the airport. However, Anderson never boarded the plane. Instead, he went into the airport bar and began a two-week drinking binge. Only when he had used up most of his prison earnings did he start out on a bus toward Wilmington. He called his probation officer after he became stranded in Sumter, South Carolina, and eventually surrendered to law enforcement authorities there.

The district court revoked Anderson's supervised release because he failed to report to his probation officer. The sentencing range under USSG § 7B1.4, p.s. was 8-14 months. Both the government and the probation officer recommended a sentence above the range. Defense counsel argued that a sentence within the range was appropriate because Anderson's conduct was attributable to his alcoholism and because he did not commit any new crimes. The district court imposed the statutory maximum of 24 months.

Anderson argues on appeal that the sentence was plainly unreasonable because his violations were not "egregious." However, a sentence above the range is suggested in Application Note 2 to USSG § 7B1.4 when the original sentence included a departure pursuant to USSG

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

§ 4A1.3, as was the case here. Once the district court has considered the range set out in the policy statement, it is "free to exercise its informed discretion" in imposing sentence. <u>United States v. Davis</u>, 53 F.3d 638, 642 (4th Cir. 1995). We do not find that the 24-month sentence was plainly unreasonable.

We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3